**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANDI ZEKTHI, | ) |
|     Plaintiff, | ) |
| | ) Case No: |
|     v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| PERFORMANT RECOVERY, INC. | ) |
| formerly known as DIVERSIFIED | ) |
| COLLECTION SERVICES, INC. | ) |
| | ) |
| SERVE AT: | ) |
| Registered Agent | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT**

Plaintiff Andi Zekthi, by and through counsel, states as follows:

**INTRODUCTION**

**1.**     This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA").

**2.**     Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION AND VENUE**

**3.**     This Court has jurisdiction over the FDCPA claims under 15 U.S.C. § 1692k(d). Venue is appropriate in this District because Defendant conducts business in this District and a substantial portion of Defendant's illegal conduct directed at Plaintiff giving rise to this action occurred in this District.

4. This Court has jurisdiction over the TCPA claim under 47 U.S.C. § 227(b)(3). *Mimms v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740 (2012). Venue is appropriate in this District because Defendant conducts business in this District and a substantial portion of Defendant's illicit calls directed to Plaintiff occurred in this District.

## PARTIES

5. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Defendant claimed that Plaintiff owed arises out of consumer, family, and household transactions. To the best of Plaintiff's knowledge, the alleged debt arises out of a student loan.

6. Defendant Performant Recovery, Inc., formerly known as Diversified Collection Services, Inc. ("Defendant"), is a California corporation registered to conduct business in and maintaining a registered agent in the State of Missouri. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. The telephone number ***-***-3919 is used by and, upon information and belief, is registered to Defendant.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

**A. Defendant Engages in Harassment and Abusive Tactics**

9. In or around January 2014, Defendant began placing repeated calls to Plaintiff's cellular telephone. Defendant's repeated calls included, but may not be limited to, calls to Plaintiff on:

   a) January 23, 2014 at 3:58 p.m. Central Standard Time;

      b) January 27, 2014 at 3:38 p.m. Central Standard Time;

      c) January 28, 2014 at 3:40 p.m. Central Standard Time;

      d) January 28, 2014 at 4:08 p.m. Central Standard Time;

      e) January 30, 2014 at 2:17 p.m. Central Standard Time;

      f) January 30, 2014 at 3:50 p.m. Central Standard Time;

      g) January 31, 2014 at 3:03 p.m. Central Standard Time;

      h) February 3, 2014 at 5:07 p.m. Central Standard Time; and

      i) February 4, 2014 at 1:16 p.m. Central Standard Time.

10.     Plaintiff was at his place of employment during the time when he received most, if not all, of Defendant's harassing calls.

11.     Upon information and belief, Defendant placed called to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

12.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

13.     When Plaintiff answered the calls from Defendant, he heard an artificial or prerecorded voice message delivered by Defendant. The artificial or prerecorded message indicated that Defendant was attempting to reach Plaintiff and prompted Plaintiff to press "1" on his phone.

14.     Plaintiff never provided Defendant his cellular telephone number and never consented to being contacted by Defendant on his cellular telephone using an ATDS or an artificial or prerecorded voice.

15.     On January 28, 2014, Plaintiff followed the prompt on Defendant's ATDS/artificial voice system and pressed "1" to speak with a representative in order to direct

Defendant to stop calling him.  However, Plaintiff remained on hold on Defendant's ATDS/artificial voice system for around 13 minutes to no avail.  After incurring charges to his cellular telephone for 13 minutes of being on placed on hold, Plaintiff terminated the call.  Still Defendant's calls continued.

      **16.**    On February 4, 2014, Plaintiff placed a return call to Defendant at \*\*\*-\*\*\*-3919 in order to demand that Defendant stop calling him.

      **17.**    Plaintiff succeeded in reaching a live representative of Defendant's during his February 4, 2014 call.

      **18.**    During the February 4th call, Defendant's representative informed Plaintiff that they were speaking on a recorded line but he did not identify the purpose of the call or that Defendant was a debt collector that would use information called during the call in order to attempt to collect a debt.

      **19.**    During the February 4th call, Defendant's representative alleged that Plaintiff's student loan was past due and, therefore, considered to be a delinquent debt.

      **20.**    Plaintiff informed Defendant during the February 4th call that he did not have a delinquent student loan and that Plaintiff wanted the calls to his cellular phone to stop.

      **21.**    During the February 4th call, Defendant's representative told Plaintiff that the only way Plaintiff could get the alleged student loan in question out of delinquent status was to set up an arrangement <u>with Defendant</u>, which was untrue.

      **22.**    During the February 4th call, Defendant's representative told Plaintiff that he could apply for a "hardship deferral" through Defendant in order to get the alleged student loan out of delinquent status.

23. Plaintiff informed Defendant during the February 4th call that he did not have a hardship, he did not have a delinquent debt, and he did not want to receive further calls from Defendant.

24. Upon information and belief, Defendant's offer of an unnecessary "hardship deferral" was a ploy to bait Plaintiff into pay more interest or fees on the alleged debt at issue or to coax Plaintiff into divulging personal financial information to Defendant for illicit purposes.

25. Plaintiff's cellular telephone number called by Defendant is a number for which Plaintiff incurs charges for incoming calls.

**B. Plaintiff Suffered Actual Damages as a Result of Defendant's Conduct**

26. Plaintiff has suffered and continues to suffer concrete, actual damages as a result of the Defendant's unlawful conduct.

27. As a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

### COUNT I: VIOLATIONS OF THE FDCPA

28. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

29. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

30. The Defendant's conduct violated 15 U.S.C § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

31. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false and deceptive means to collect a debt.

32. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

33. The foregoing acts and omission of the Defendant constitute numerous and multiple violation of the FDCPA, including every one of the above-cited provisions.

34. Plaintiff is entitled to damages as a result of Defendant's violation.

## COUNT II: VIOLATION OF THE TCPA

35. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

36. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone.

37. Plaintiff either never provide prior express consent to Defendant to call his cellular telephone number using an automatic telephone dialing system and/or by using a prerecorded or artificial message, or Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone using an automatic telephone dialing system and/or by using a prerecorded or artificial message.

38. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including the provisions of 47 U.S.C. § 227(b)(1)(A)(iii).

39. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an injunction and award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

40. As a result of each of Defendant's knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff is entitled to damages as a result of the Defendant's violations.

### COUNT III: NEGLIGENCE PER SE

42. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

43. Pursuant to 47 U.S.C. § 227(d)(3)(A), Defendant has a duty to ensure that "all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual".

44. Defendant contacted Plaintiff using a prerecorded or artificial message on a cellular telephone.

45. Defendant breached its duty created by  47 U.S.C. § 227(d)(3)(A) by (i) not stating Defendant's identify during the artificial or prerecorded telephone message, and (ii) not stating either during or after the message the telephone number or address of Defendant's business.

46. Plaintiff is among the class of individuals that the United State Congress sought to protect when it passed 47 U.S.C. § 227(d)(3)(A).

47. Defendant's conduct directly and proximately caused Plaintiff to suffer damage.

48. Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT IV: INVASION OF PRIVACY

49. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50. The Restatement (Second) of Torts, § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51. Missouri further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Missouri state law.

52. Defendants intentionally intruded upon Plaintiff's right to privacy by continualy harassing Plaintiff with numerous calls to his cellular telephone.

53. The conduct of Defendant in engaging in the illegal collection activities and calls with a prerecorded voice to Plaintiff's cellular phone resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

54. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

55. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andi Zekthi respectfully requests that this Court enter judgment against Defendant Performant Recovery, Inc., formerly known as Diversified Collection Services, Inc. and in favor of Plaintiff on all Counts for:

1. Statutory damages, actual damages, costs and reasonable attorneys' fees pursuant to the FDCPA, 15 U.S.C. § 1692k, for Count I of Plaintiff's Complaint; and

2. Statutory—up to and including treble damages—and actual damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3), for Count II of Plaintiff's Complaint; and

3. Compensatory, punitive, and Such other damages as determined by the jury at trial for Counts III and IV of Plaintiff's Complaint; and

4. For such other relief as this Court deems just and proper.

DATED:  July 25, 2016                                           Respectfully Submitted,


By:       /s/ Nathan D. Sturycz
          Nathan D. Sturycz, #61744
          100 N. Main, Suite 11
          Edwardsville, IL  62025
          Phone: 877-314-3223
          Fax: 888-632-6937
          nathan@mainstreet-law.com
          *Attorney for Plaintiff*